IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHID MOHAMAD, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. 3:10-CV-1189-L |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT, et al | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND BRIEF

COMES NOW Defendant Dallas County Community College District ("DCCCD" or "the District"), Trish Rayford ("Rayford"), Timothy Ellington ("Ellington"), Tyler Moore ("Moore"), Michael Horak ("Horak"), and Luis Camacho ("Camacho") (jointly, "Defendants") and, pursuant Federal Rule of Civil Procedure 12(b)(6), files this their Motion for Partial Dismissal and Brief.  In support of this motion, Defendants respectfully show the Court the following:

### I.
#### SUMMARY

The District moves for dismissal of Rayford, Ellington, Moore, Horak and Camacho ("the Individual Defendants") pursuant to Texas Civil Practice and Remedies Code Section 101.106.  Plaintiff's claims against the Individual Defendants are all under state tort law.  Plaintiff has also alleged tort claims against the District based on the same underlying factual allegations.  Pursuant to Section 101.106, the District requests that the Individual Defendants be dismissed with prejudice.

The District moves for dismissal of Plaintiff's state law claims against the District based on governmental immunity.  Local government entities such as the District are entitled to

governmental immunity unless the Texas Legislature has enacted a clear and unambiguous waiver of that immunity.  Plaintiff's state law tort claims do not fit within the limited waiver of governmental immunity in the Texas Tort Claims Act.  In addition, Plaintiff's state law breach of contract and promissory estoppel claims do not fit within the limited waiver of governmental immunity for contract claims.

Finally, to the extent Plaintiff intends to allege claims against the District pursuant to 42 U.S.C. § 1981, those claims should be dismissed because Section 1981 claims cannot be asserted against a local government entity.

# II.
# TABLE OF CONTENTS

I. SUMMARY ..................................................................................................................1

II. TABLE OF CONTENTS ...............................................................................................3

III. TABLE OF AUTHORITIES ..........................................................................................4

IV. BACKGROUND ............................................................................................................6

V. ARGUMENTS AND AUTHORITIES ..........................................................................7

    A. Mr. Mohamad Must Allege Enough Facts to State a Claim to Relief That Is Plausible on its Face. ...................................................................................7

    B. Defendant DCCCD Moves to Dismiss Plaintiff's State Law Claims Against the Individual Defendants Pursuant to Section 101.106(e). ..................8

    C. Defendant DCCCD Is Entitled to Governmental Immunity from Plaintiff's State Law Claims. .........................................................................................9

        1. The District Is Entitled to Governmental Immunity from Plaintiff's Tort Claims. ..................................................................................10

        2. The District Is Entitled to Governmental Immunity from Plaintiff's Contractual and Quasi-Contractual Claims. ............................................11

            a. Plaintiff Has Not Stated a Valid Claim Under the Limited Waiver of Governmental Immunity for Breach of Contract Claims. .................................................................................11

            b. The Texas Legislature Has Not Waived Governmental Immunity as to Quasi-Contractual Claims. ..................................12

        3. The District Is Entitled to Governmental Immunity from Plaintiff's Punitive Damages Claim. ................................................................12

    D. Plaintiff's Section 1981 Claims Should Be Dismissed Because They Cannot Be Asserted Against a Governmental Entity. ............................................13

VI. CONCLUSION .............................................................................................................13

## III.
## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 7, 8

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320 (Tex. 2006) ......................................... 10

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975) ....................................................... 8

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................................. 7

*Dallas County Mental Health v. Bossley*, 968 S.W.2d 339 (Tex. 1998) ........................................ 9

*Duran Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ..................................................................... 8

*Haynes v. City of Beaumont*, 35 S.W.3d 166 (Tex. App. – Texarkana 2000, no pet.) ............................................................................................................................... 12

*Heyer v. N. E. Indep. Sch. Dist.*, 730 S.W.2d 130 (Tex. App. – San Antonio 1987, writ ref'd n.r.e.) ................................................................................................................. 10

*Jefferson County v. Bernard*, 148 S.W.3d 698 (Tex. App. – Beaumont 2004, no pet.) ............................................................................................................................... 13

*LeLeaux v. Hamshire-Fannet Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992) ......................................... 10

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) .................................. 9

*Moore v. Dallas Area Rapid Transit*, 2006 U.S. Dist. LEXIS 2113 (N.D. Tex. 2006) (Lindsay, J.) .................................................................................................................... 13

*Newman v. Obersteller*, 960 S.W.2d 621 (Tex. 1997) ................................................................... 9

*Oden v. Oktibbeha County, Miss.*, 246 F.3d 458 (5th Cir. 2001) ................................................. 13

*Ozolins v. North Lake Cmty. College, a Div. of the Dallas County Cmty. College Dist.*, 805 S.W.2d 614 (Tex. App. – Fort Worth 1991, no pet.) ...................................... 10

*Pedroli v. Bartek*, 564 F. Supp. 2d 683 (E.D. Tex. 2008) .............................................................. 8

*Somerset Indep. Sch. Dist. v. Casias*, 2008 Tex. App. LEXIS 2895 (Tex. App. – San Antonio 2008, pet. denied) ............................................................................................ 12

*Tex. Antiquities Comm. v. Dallas County Cmty. College Dist.*, 554 S.W.2d 924 (Tex. 1977) ..................................................................................................................... 10

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) ................................................................. 11

*Turman v. Greenville Indep. Sch. Dist.*, 2004 U.S. Dist. LEXIS 11527 (N.D. Tex. 2004) (Lynn, J.) ....................................................................................................................... 13

*Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191 (5th Cir. 2007) ........................................................................................ 7, 8

*Williams v. Conroe Indep. Sch. Dist.*, 809 S.W.2d 954 (Tex. App. – Beaumont 1991, no pet.) ................................................................................................................... 10

*Williams v. Nealon*, 199 S.W.3d 462 (Tex. App. – Houston [1st Dist.] 2006, pet. filed) .................................................................................................................. 9

**Statutes**

42 U.S.C. § 1981 ................................................................................................. 2, 6, 13

42 U.S.C. § 1981a ...................................................................................................... 13

Tex. Civ. Prac. & Rem. Code § 101.021 .................................................................. 10

Tex. Civ. Prac. & Rem. Code § 101.024 .................................................................. 13

Tex. Civ. Prac. & Rem. Code § 101.051 .................................................................. 10

Tex. Civ. Prac. & Rem. Code § 101.057 .................................................................. 10

Tex. Civ. Prac. & Rem. Code § 101.106 .................................................................... 9

Tex. Educ. Code § 130.005 ........................................................................................ 9

Tex. Educ. Code § 130.176 ........................................................................................ 9

Tex. Local Gov't Code § 271.151 ............................................................................ 11

Tex. Local Gov't Code § 271.152 ............................................................................ 11

Tex. Local Gov't Code § 271.153 ............................................................................ 11

Tex. Local Gov't Code § 271.159 ............................................................................ 11

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 1

## IV.
### BACKGROUND

Plaintiff Shahid Mohamad ("Plaintiff" or "Mohamad") brought suit against DCCCD, Officer Ellington, Chief Moore[1], Captain Horak, Rayford, and Camacho generally alleging that Mohamad's employment with the District as a police officer at Eastfield College was terminated in retaliation for filing an EEOC charge of discrimination and because Mohamad is a Palestinian-American and Muslim. *See generally* Docket No. 1-1, pp. 8-20 [Orig. Compl.]. Mohamad alleges the following federal causes of action against the District:

- Retaliation and discrimination (national original and religious) in violation of Title VII [Orig. Compl. ¶¶55-67];

- Retaliation and discrimination (national original and religious) in violation of 42 U.S.C. § 1981 [Orig. Compl. ¶65];[2]

- Disparate impact (race) in violation of Title VII [Orig. Compl. ¶¶68-79]; and

- Disparate impact (race) in violation of Section 1981 [Orig. Compl. ¶69].[3]

Mohamad also alleges the following state law causes of action:

- Against the District, breach of contract and/or promissory estoppel [Orig. Compl. ¶¶80-92];

- Against the District and Camacho in his individual and official capacities, negligence [Orig. Compl. ¶¶97-103];

- Against all defendants, intentional infliction of emotional distress [Orig. Compl. ¶¶104-13]; and

---

[1] For some unknown reason, Mohamad describes Chief Moore as a "white female." *See* Orig. Compl. ¶11. Mohamad is well aware, however, that Chief Moore is an African-American male, not a white female.

[2] It is not entirely clear whether Mohamad intends to bring a Section 1981 claim. Elsewhere in the same section of his Complaint, Mohamad refers to 42 U.S.C. § 1981a, which generally relates to the damages available under Title VII. *See* Orig. Compl. ¶¶56 and 67. It may be that Mohamad inadvertenly omitted the "a" following "1981" in paragraph 65. Out of an abundance of caution, however, the District assumes that Mohamad did intend to allege a claim pursuant to Section 1981.

[3] Again, it is not clear whether Mohamad intends to allege a separate cause of action under Section 1981 or whether he is intending to refer to the damages provisions under Section 1981a.

- Against Rayford and Camacho in their individual capacities, intentional interference with a contractual relationship [Orig. Compl. ¶¶114-24].

## V.
### ARGUMENTS AND AUTHORITIES

**A.   Mr. Mohamad Must Allege Enough Facts to State a Claim to Relief That Is Plausible on its Face.**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007) (courts should no longer use the minimal standard of adequate pleading set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In announcing the new standard, the Court began by addressing the basic pleading requirements of the Federal Rules.

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Twombly*, 550 U.S. at 555.  The Court explained that while a complaint which is attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*  The Court noted that factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further noted that the pleadings must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.*; *see also In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

The majority in *Twombly* noted that Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief. *Twombly*, 550 U.S. at 556 n.3. The Court noted that, without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Id.* Rule 8(a) contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it. *Id.*

In *Twombly,* the Supreme Court held that the threshold requirement of Rule 8(a)(2) is that the "plain statement" possess enough heft to show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 557. The Supreme Court cautioned that something beyond the mere possibility must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people. *Id.* at 557-558 (citing *Duran Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)). When a complaint's allegations cannot "raise a claim of entitlement of relief," this deficiency should be exposed "'at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly,* 550 U.S. at 558. In short, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face" and fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Pedroli v. Bartek*, 564 F. Supp. 2d 683, 685 (E.D. Tex. 2008).

**B.     Defendant DCCCD Moves to Dismiss Plaintiff's State Law Claims Against the Individual Defendants Pursuant to Section 101.106(e).**

Plaintiffs' state law claims against the Individual Defendants should be dismissed

because the Individual Defendants are entitled to derivative immunity under Texas Civil Practice and Remedies Code Section 101.106. Section 101.106 is an election of remedies that limits a plaintiff's ability to bring suit against both a governmental entity and an individual employee of the governmental entity. *See* TEX. CIV. PRAC. & REM. CODE § 101.106. "The purpose of section 101.106 is to force a plaintiff to choose whether he will seek to impose tort liability on a governmental unit or on governmental employees, individually." *Williams v. Nealon*, 199 S.W.3d 462, 465 (Tex. App. – Houston [1st Dist.] 2006, pet. filed). If a suit is filed under a tort theory against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.106(e); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008). This is true even if the governmental unit is entitled to governmental immunity. *Garcia*, 253 S.W.3d at 658-59; *Dallas County Mental Health v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997).

Plaintiffs have brought suit under tort theories of action against both the District and individual employees (Rayford, Ellington, Moore, Horak and Camacho) regarding the same subject matter. Defendant DCCCD moves, pursuant to Section 101.106(e), for dismissal of Defendants Rayford, Ellington, Moore, Horak and Camacho.

**C.   Defendant DCCCD Is Entitled to Governmental Immunity from Plaintiff's State Law Claims.**

Plaintiffs' state law claims against the District should be dismissed because it is entitled to governmental immunity.

Dallas County Community College District is a governmental entity created pursuant to the Texas Education Code. *See* TEX. EDUC. CODE §§ 130.005 and 130.176 (defining geographical scope of DCCCD); *see also Tex. Antiquities Comm. v. Dallas County Cmty.*

*College Dist.*, 554 S.W.2d 924, 925-926 (Tex. 1977).  The District, as a political subdivision of the State, is entitled to governmental immunity. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006) ("common-law doctrine of governmental immunity similarly protects political subdivisions of the State"); *Ozolins v. North Lake Cmty. College, a Div. of the Dallas County Cmty. College Dist.*, 805 S.W.2d 614 (Tex. App. – Fort Worth 1991, no pet.) (granting governmental immunity to DCCCD).

### 1. The District Is Entitled to Governmental Immunity from Plaintiff's Tort Claims.

The only possible basis for a waiver of the District's governmental immunity from Plaintiff's tort claims (negligence and intentional infliction of emotional distress) would be found in the Texas Tort Claims Act.  The Texas Tort Claims Act, however, only waives governmental immunity against junior college districts for negligence claims arising out of the operations of motor vehicles.  *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021 and 101.051; *LeLeaux v. Hamshire-Fannet Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *Williams v. Conroe Indep. Sch. Dist.*, 809 S.W.2d 954, 957 (Tex. App. – Beaumont 1991, no pet.); *Heyer v. N. E. Indep. Sch. Dist.*, 730 S.W.2d 130, 131 (Tex. App. – San Antonio 1987, writ ref'd n.r.e.)("[S]chool and junior college districts are excluded from liability under the Texas Tort Claims Act except as to the operation and use of motor vehicles.").  Moreover, governmental immunity is not waived as to intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2).  In the case at bar, Mr. Mohamad has failed to allege that his claims of negligence and intentional infliction of emotional distress arise out of the operation of a motor vehicle.  In addition, intentional infliction of emotional distress is an intentional tort.  As a result, Mr. Mohamad has failed to allege any basis

for a waiver of governmental immunity. Because Mr. Mohamad has failed to plead any basis for the waiver of governmental immunity for his tort claims, the claims should be dismissed. *See id*.

> 2.  **The District Is Entitled to Governmental Immunity from Plaintiff's Contractual and Quasi-Contractual Claims.**
>
>> a.  **Plaintiff Has Not Stated a Valid Claim Under the Limited Waiver of Governmental Immunity for Breach of Contract Claims.**

Plaintiff alleges, in essence, that his termination occurred in violation of provisions in an employee handbook. Orig. Compl. ¶¶80-92. An employee handbook does not, on its own, constitute a contract for which the District's governmental immunity has been waived.

In Texas, immunity from contractual claims is waived only the extent specifically provided by statute. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The Texas Legislature enacted a limited waiver of immunity for contractual claims.

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOCAL GOV'T CODE § 271.152; *see also Tooke*, 197 S.W.3d at 329. A "contract subject to this subchapter" means

> a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity.

TEX. LOCAL GOV'T CODE § 271.151. In addition, the Texas Legislature limited recovery under written contracts to what is due under the contract. TEX. LOCAL GOV'T CODE § 271.153(a). Recovery may not include consequential damages, exemplary damages, overhead or attorney's fees. TEX. LOCAL GOV'T CODE §§ 271.153(a) and 271.159.

Plaintiff alleges, in essence, that he received what amounts to an employee handbook and oral representations regarding the terms and conditions of his employment with the District.

Orig. Compl. ¶¶80-92. Plaintiff alleges that he "assented" to the District's offer by "accepting employment and via oral representations," *Id.* at ¶87, as well as by Plaintiff's "initial and/or continued employment." *Id.* at ¶88. Plaintiff's employment with the District was not pursuant to a "written contract" as required for waiver of the District's governmental immunity: There was no written contract because neither Plaintiff nor the District executed any contract. Mr. Mohamad received general information regarding the District's employment procedures and began working for the District. Mr. Mohamad was not employed by the District pursuant to a written contract. *Cf. Haynes v. City of Beaumont*, 35 S.W.3d 166, 179-80 (Tex. App. – Texarkana 2000, no pet.) (concluding employee handbook providing detailed termination procedure does not create contract or protected property interest in continued employment). Mr. Mohamad's breach of contract claim should be dismissed because there is no waiver of the District's governmental immunity.

    **b.**  **The Texas Legislature Has Not Waived Governmental Immunity as to Quasi-Contractual Claims.**

Plaintiff's promissory estoppel claim should be dismissed because the Texas Legislature has not waived the District's governmental immunity as to quasi-contractual claims such as promissory estoppel. *Somerset Indep. Sch. Dist. v. Casias*, 2008 Tex. App. LEXIS 2895, *9 (Tex. App. – San Antonio 2008, pet. denied) ("Casias' promissory estoppel and quantum meruit claims sound in equity and are simply not included in section 271.152's limited waiver of governmental immunity.").

   **3.**  **The District Is Entitled to Governmental Immunity from Plaintiff's Punitive Damages Claim.**

Plaintiff's request for exemplary damages should be dismissed because Plaintiff's claims could not entitle him to exemplary damages against a governmental entity.

Plaintiff is not entitled to exemplary damages under Title VII because the District is a political subdivision. Exemplary damages under Title VII are not recoverable against a government, government agency or political subdivision. *See* 42 U.S.C. § 1981a(b)(1); *see also Moore v. Dallas Area Rapid Transit*, 2006 U.S. Dist. LEXIS 2113, *14-*15 (N.D. Tex. 2006) (Lindsay, J.); *Turman v. Greenville Indep. Sch. Dist.*, 2004 U.S. Dist. LEXIS 11527, *20-*21 (N.D. Tex. 2004) (Lynn, J.). Since Dallas County Community College District is a political subdivision, the Court should dismiss Plaintiff's claim for exemplary damages under Title VII.

Plaintiff is not entitled to exemplary damages under his tort claims because the Texas legislature has never waived governmental immunity from exemplary damages. *See Jefferson County v. Bernard*, 148 S.W.3d 698 (Tex. App. – Beaumont 2004, no pet.) ("No Texas statute expressly permits suit against the State for exemplary damages."); TEX. CIV. PRAC. & REM. CODE § 101.024 (no exemplary damages under Texas Tort Claims Act). Since governmental immunity from Plaintiff's exemplary damages claim under his tort claim has not been waived, the Court should dismiss Plaintiff's claim for exemplary damages under state law.

**D.    Plaintiff's Section 1981 Claims Should Be Dismissed Because They Cannot Be Asserted Against a Governmental Entity.**

To the extent Plaintiff intends to allege any claims pursuant to 42 U.S.C. § 1981, Plaintiff's Section 1981 claim should be dismissed because they are not proper against a local government entity. A plaintiff may not bring a claim under 42 U.S.C. § 1981 against a local government entity. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463-465 (5th Cir. 2001). As a result, Plaintiff's Section 1981 claims against the District should be dismissed.

## VI.
### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Dallas County Community College District, Rayford, Ellington, Moore, Horak and Camacho prays that this motion be

granted, that the Rayford, Ellington, Moore, Horak and Camacho be dismissed with prejudice, that Plaintiff's state law, Section 1981, and punitive damages claims against the District be dismissed with prejudice, and for such other relief, both general and special, at law or in equity, to which Defendants are entitled.

                              Respectfully submitted,

                              /s/ Joshua A. Skinner
                             **THOMAS P. BRANDT**
                                State Bar No. 02883500
                                tbrandt@fhmbk.com
                             **JOSHUA A. SKINNER**
                                State Bar No. 24041927
                                jskinner@fhmbk.com

                             **FANNING HARPER MARTINSON**
                                **BRANDT & KUTCHIN, P.C.**
                             Two Energy Square
                             4849 Greenville Ave., Suite 1300
                             Dallas, Texas 75206
                             (214) 369-1300 (office)
                             (214) 987-9649 (telecopier)

                             **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing instrument has been emailed, mailed, telecopied, or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on this the 7th day of July, 2010.

| | |
|---|---|
| Shahid Mohamad | Via CM/RRR # |
| 4816 Via Ventura #415 | 7005 1820 0001 2565 8831 |
| Mesquite, TX 75150 | |

                              /s/ Joshua A. Skinner
                             **JOSHUA A. SKINNER**