IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAHID MOHAMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10-CV-1189-L (BF) |
| | ) |
| DALLAS COUNTY COMMUNITY | ) |
| COLLEGE DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge Paul D. Stickney for pretrial management (doc. 5). Defendants' Motion for Partial Dismissal (doc. 3) is before the Court for consideration. The time to file a response has expired, and Plaintiff has failed to respond. The Court recommends Defendant's Motion for Partial Dismissal be granted.

**Background**

Plaintiff Shahid Mohamad is a former employee of Defendant Dallas County Community College District (the "District"). Defendants Trish Rayford, Timothy Ellington, Tyler Moore, Michael Horak, and Luis Camacho (the "Individual Defendants") (together with the District, "Defendants") are current employees of the District. Plaintiff raises various claims, including: (1) unlawful discrimination, retaliation, and disparate impact in violation of Title VII by the District; (2) breach of contract by the District; (3) negligence by the District and Defendant Camacho; (4) intentional infliction of emotional distress by the District and the Individual Defendants; and (5) intentional interference with a contractual relationship by Defendants Rayford and Camacho in their

individual capacity. Plaintiff also appears to raise a claim under 42 U.S.C. § 1981 against the District. Defendants contend that (1) all claims against the Individual Defendants should be dismissed pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code; (2) the District is entitled to governmental immunity from Plaintiff's state law claims; (3) any claim against the District pursuant to 42 U.S.C. 1981 should be dismissed; and (4) Plaintiff is not entitled to recover exemplary damages against the District.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations

in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes*, 449 U.S. at 9).

<u>Claims Brought Against the Individual Defendants</u>

Plaintiff has raised claims for negligence against the District and Defendant Camacho and intentional infliction of emotional distress against the District and the Individual Defendants. Plaintiff has also claimed tortious interference with a contractual relationship against Defendants Rayford and Camacho in their individual capacity. Under Section 101.106 of the Texas Civil Practices and Remedies Code, a plaintiff must choose whether to seek to impose tort liability on a governmental unit or on governmental employees acting outside their official capacity. *Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390, 393 (Tex. App.—Waco 2008, pet. denied) (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied).

Under this election of remedies scheme, recovery against an individual employee is barred and may be sought only against the governmental unit in three instances: (1) when suit is filed against only the governmental unit; (2) when suit is filed against both the governmental unit and its employee; or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). If a suit is filed under a tort theory against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the

governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.106(e). This is true even when the governmental unit is entitled to governmental immunity. *See Garcia*, 253 S.W.3d at 658-59; *Dallas Cnty. Mental Health v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998).

Because Plaintiff brings claims for negligence and intentional infliction of emotional distress against both a governmental entity and individual employees, these claims should be dismissed as to the Individual Defendants. Plaintiff also raises claims for intentional interference with a contractual relationship against Defendants Rayford and Camacho in their individual capacity. However, Plaintiff bases these claims on statements made and actions taken by Defendants Rayford and Camacho in their official capacity. (Complaint ¶¶ 114-24.) In fact, Plaintiff admits, "[a]t all relevant times, Defendants Rayford . . . and Camacho were acting as the agents, servants and/or employees" of the District. (Complaint ¶ 17.) These claims are for conduct within Rayford and Camacho's scope of employment and could have been brought against the District. Therefore, the claims against Defendants Rayford and Camacho for intentional interference with a contractual relationship should be dismissed. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).

State Law Claims Against the District

The District is a governmental entity created pursuant to the Texas Education Code. *See* TEX. EDUC. CODE §§ 130.005, 130.176; *see also Tex. Antiquities Comm. v. Dallas Cnty. Cmty. Coll. Dist.*, 554 S.W.2d 924, 935-26 (Tex. 1977). As a political subdivision of the State of Texas, the District is entitled to governmental immunity unless waived. *See Ben Vold-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006).

Plaintiff asserts claims for negligence and intentional infliction of emotional distress against the District. Under the Texas Torts Claims Act, governmental immunity is waived against junior

college districts for negligence claims arising solely out of the operation of motor vehicles. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.051; *LeLeaux v. Hamshire-Fannet Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *Heyer v. N.E. Indep. Sch. Dist.*, 730 S.W.2d 130, 131 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) ("school and junior college districts are excluded from liability under the Texas Tort Claims Act except as to the operation and use of motor vehicles"). Governmental immunity is not waived for intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2). In this case, Plaintiff has not alleged that his claim for negligence arises from the operation of a motor vehicle, and intentional infliction of emotional distress is an intentional tort. Therefore, there has been no waiver of governmental immunity, and Plaintiff's claims for negligence and intentional infliction of emotional distress against the District should be dismissed as a matter of law.

Plaintiff also brings a claim for breach of contract against the District. Governmental immunity for contractual claims is waived only to the extent specifically provided by statute. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). In Texas, "a local governmental entity that is authorized by statue or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claims for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOCAL GOV'T CODE § 271.152. A "contract subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOCAL GOV'T CODE § 271.151.

Plaintiff relies solely on an employee handbook and oral representations in support of his breach of contract claim. Plaintiff's employment was not pursuant to a written contract. *See Hanes v. City of Beaumont*, 35 S.W.3d 166, 179-80 (Tex. App.—Texarkana 2000, no pet.) (concluding

employee handbook providing detailed termination procedure does not create contract or protected property interest in continued employment). Therefore, there has been no waiver of governmental immunity, and Plaintiff's contractual claims against the District should be dismissed.

### 42 U.S.C. § 1981 Claims Against the District

A plaintiff may not bring a claim under 42 U.S.C. § 1981 against a local government entity. *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 463-64 (5th Cir. 2001). Therefore, Plaintiff's Section 1981 claims against the District should be dismissed.

### Request for Exemplary Damages Under Title VII

Plaintiff is requesting exemplary damages. Defendants contend Plaintiff is not entitled to exemplary damages as a matter of law. Exemplary damages under Title VII are not recoverable against a government, government agency or political subdivision. *See* 42 U.S.C. § 1981a(b)(1); *see also Oden*, 246 F.2d at 465-66. Therefore, Plaintiff's request for exemplary damages under Title VII should be dismissed as a matter of law.

**Recommendation**

The Court recommends the Defendants' Motion for Partial Dismissal be GRANTED as to the following claims: (1) negligence claim against Defendant Camacho; (2) intentional infliction of emotional distress claims against Individual Defendants; (3) intentional interference with a contractual relationship claims against Defendants Camacho and Rayford; (4) state law claims against the District; (5) 42 U.S.C. § 1981 claim against the District; and (6) Plaintiff's request for exemplary damages under Title VII..

SO RECOMMENDED, October 5, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).