IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHADID MOHAMAD**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. **3:10-CV-1189-L** |
| | § | |
| **DALLAS COUNTY COMMUNITY** | § | |
| **COLLEGE DISTRICT, et al.,** | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed October 5, 2010, 2010 (the "Report"). Plaintiff did not timely file objections to the Report.

Plaintiff Shadid Mohamad ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He has brought claims against Defendants Dallas County Community College District (the "District"), Trish Rayford, Timothy Ellington, Tyler Moore, Michael Horak, and Luis Camacho (collectively, the "Individual Defendants") (together, with the District, "Defendants"). Specifically, Plaintiff asserts the following claims: (1) unlawful discrimination, retaliation, and disparate impact in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, by the District; (2) breach of contract by the District; (3) negligence by the District and Camacho; (4) intentional infliction of emotional distress by the District and the Individual Defendants; (5) intentional interference with a contractual relationship by Rayford and Camacho in their individual capacities; and (6) violation of 42 U.S.C. § 1981 by the District.

The magistrate judge recommends that Defendants' Motion for Partial Dismissal be granted. Specifically, he recommends that the court dismiss the following claims: the negligence claim against

Camacho; the intentional infliction of emotional distress claims against the Individual Defendants; the international interference with a contractual relationship claim against Defendants Camacho and Rayford; the state law claims against the District, the section 1981 claim against the District, and Plaintiff's request for exemplary damages under Title VII.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **grants** Defendants' Motion for Partial Dismissal, filed July 7, 2010.

The magistrate judge does not specify whether these claims should be dismissed with or without prejudice, and Defendants seek dismissal with prejudice of all the claims on which they move. The court **dismisses with prejudice** the following claims pursuant to section 101.106 of the Texas Civil Practices and Remedies Code: negligence against Camacho; intentional infliction of emotional distress against the Individual Defendants; and tortious interference with a contractual relationship against Rayford and Camacho. The court **dismisses with prejudice** the following claims because they are barred by governmental immunity: negligence against the District; intentional infliction of emotional distress against the District; and breach of contract against the District.[*] The court also **dismisses with**

---

[*] Although the court lacks subject matter jurisdiction over Plaintiff's claims and dismissals for lack of jurisdiction are ordinarily without prejudice, there is no court, state or federal, that has jurisdiction to hear these claims because they are barred by governmental immunity. In this case, attempts at amendment would be futile because Plaintiff cannot amend to overcome governmental immunity provided by the Texas Tort Claims Act. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined."). Moreover, to dismiss Plaintiff's claims without prejudice would create the impression that he could file these claims in the appropriate forum when there is no appropriate forum. The better course of action, therefore, is to dismiss the claims with prejudice. *See Maibie v. United States*, 2008 WL 4488982, *3 (N.D. Tex. Oct. 7, 2008) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the plaintiffs redraft their claims to avoid the exceptions to the FTCA.") (citations and brackets omitted); *see also Austin v. Hood County*, 2007 WL 631278, *2 n.2 (N.D. Tex. Mar. 1, 2007).

**prejudice** the section 1981 claim against the District and Plaintiff's request for exemplary damages pursuant to Title VII.

**It is so ordered** this 30th day of November, 2010.

Sam A. Lindsay
United States District Judge